UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHEN C. DUNCKHURST, | No. 2:16-cv-2265 CKD P |
| Petitioner, | |
| v. | ORDER |
| BAUGHMAN, | |
| Respondent. | |

Petitioner is a state prisoner proceeding pro se with an application for writ of habeas corpus pursuant to 28 U.S.C. § 2254. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1). Petitioner has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, petitioner may proceed with this action in forma pauperis. Petitioner has consented to Magistrate Judge jurisdiction to conduct all proceedings in this action. (ECF No. 6.)

Petitioner challenges his 2005 conviction in the Shasta County Superior Court for vehicle theft and possession of a deadly weapon by a prisoner, for which he was sentenced to a state prison term of 33 years to life. Court records reveal that petitioner challenged this same conviction in an earlier action, Dunckhurst v. Lopez, No. 2:08-cv-0974 WBS DAD (E.D. Cal.), which was dismissed as time-barred on May 29, 2009. The U.S. Court of Appeals for the Ninth Circuit affirmed the district court's order of dismissal on January 10, 2011. Id., ECF No. 38.

A petition is second or successive if it makes "claims contesting the same custody imposed by the same judgment of a state court" that the petitioner previously challenged, and on which the federal court issued a decision on the merits. Burton v. Stewart, 549 U.S. 147, 153 (2007). A second or subsequent habeas petition is not considered "successive" if the initial habeas petition was dismissed for a technical or procedural reason. See Slack v. McDaniel, 529 U.S. 473, 485–487 (2000). However, in McNabb v. Yates, 576 F.3d 1028,1030 (9th Cir. 2009), the Ninth Circuit held that dismissal of a habeas petition for failure to comply with the AEDPA statute of limitations renders subsequent petitions challenging the same conviction successive. Because petitioner's prior federal habeas petition was dismissed for untimeliness, the instant petition is successive.

Before filing a successive petition in district court, a petitioner must obtain from the appellate court "an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). Without an order from the appellate court, the district court is without jurisdiction to consider a second or successive petition. See Burton, 549 U.S. at 152, 157. As petitioner offers no evidence that the appellate court has authorized this court to consider a successive petition challenging his 2005 conviction, this action should be dismissed for lack of jurisdiction. See Dunckhurst v. Adams, No. 2:10-cv-1405 GEB EFB (E.D. Cal.), Order dated Sept. 22, 2011 dismissing habeas challenge to 2005 conviction as successive. In light of the above, petitioner's motion for appointment of counsel in this action will be summarily denied.

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's request to proceed in forma pauperis (ECF No. 2) is granted;

2. Petitioner's motion for appointment of counsel (ECF No. 3) is denied; and

3. The petition is dismissed for lack of jurisdiction; and

4. The Clerk of Court shall close this case.

Dated: October 14, 2016

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2 / dunc2265.succ_sol